I'm aware and we'll talk to Mr. Lally when that his time comes the support you wish to reserve some time you may thank you you come to the podium and good morning your honors the major issue before the court today is whether the bankruptcy of court abused its discretion in denying appellants motion to dismiss the record in here hearing clearly reflects that appellant produced overwhelming admissible evidence which was not excluded in support of its motion to dismiss which the court the bankruptcy court wholly failed to consider in denying the motion specifically debtors opposition to the motion in this declaration in support thereof can contain numerous detrimental admissions this was all brought to the court's attention and it's throughout my paperwork so so your point is that even though he struck you don't argue on appeal that the striking of the transcript of the 2004 examination was was improper do you I am arguing that it was improper to the extent that he strictly applied the local bankruptcy rule which is not part of the federal rules of bankruptcy procedure it's a more stringent requirement than required under the bankruptcy rules and he had the discretion not to apply it as strictly and chose to apply it not only chose to apply it but stated that the deposition transcripts were our whole case that they were substantially on me I thought it was a 2004 transcript it was a 2000 he referred to it as the court referred to it as a depo transcript but it was a 2004 exam counsel you mentioned that the the judge struck and used his discretion to strike that doesn't the rule permit that the rule does permit it well two things I should point out yes the rule does permit it what we have a problem with is that not only did he strike it he didn't consider the other evidence for me I've gone carefully through this case the debtor was evasive he kept changing his story the story is truly told in the opposition and his sworn declaration where he admits that he didn't disclose his income post petition he admits he didn't disclose his business post petition he admits he didn't disclose as he admits it he says I did not disclose it his reason was well I had a paralegal help me prepare the bankruptcy well your can look at the docket and see that his current counsel substituted in one month and a half into the case and filed amended schedules twice thereafter in 2000 I think it was the 2013 counsel's experience counsel you would think he would have gone through the schedules with him but questioned him perhaps he I just know that the schedule schedules were not amended till after we brought our 2004 exam and then the incredible thing in the transcript of the hearing on this third motion is the judge said he cured the deficiencies many of the deficiencies what the debtor did was file in a schedule a B which acknowledged that there were was a workers comp board and the schedule C that he claimed it he didn't declare all the six thousand plus additional income each month his junkets his trips everything that he was doing pre-petition council where was that in the record except in the 2004 transcript where where in the record is it that all of these things were done he changed the schedules which he has a right to do doesn't he under the rules he absolutely but he has an obligation to do it timely before the plans confirmed not five years into the case okay but I guess my question is where in the record is it that all of these problems with the schedules were revealed except in the 2004 transcript is there any other spot throughout the motion to dismiss there's a specific detailed layout the foundation the facts of this case every step that was taken and that when the schedules were amended and why they were amended and we specifically state in the motion to get back to something kind of basic yeah I really appreciate the detail but the allegation of the mistake is that the bankruptcy court didn't consider all this other evidence correct okay so you're not saying that we should rule as a matter of law that the motion to dismiss should have been granted so if the judge made a mistake not considering evidence that was presented it wasn't necessarily dependent upon the 2004 transcript is that accurate well I think I'm probably arguing both ways that he didn't know I just want to know what you're trying to tell us yeah well I'm focusing right now on the fact that he didn't consider right okay the our declarations mr. Rosa mine all of which you thought was admissible evidence and wasn't dependent on the 2004 exactly okay and but at the same time there's abundant there was abundant evidence before the court of the bad faith conduct I mean it's worse than the factors in Leavitt much worse than the factors in Valenti the fact that we're here today the fact that in the appellees brief they still don't accept responsibility despite the debtor declaration that he committed fraud is shocking to me well this is not a honest and unfortunate debtor if we you know we have two options here today or we have multiple options for firm we have an option to reverse and then we have an option to remand to say there's there's technical problems with the decision and that's that's sort of a broad generalized way to put it we can't do fact-finding so you're you are arguing in the alternative for either reversal or remand correct and we do think field believe that there's sufficient facts before the court again I keep directing the court to the sworn declaration of the debtor in support of his opposition where he admits he did he admits the gambling junkets to Las Vegas and casinos and that they gambled he said we capped it at three hundred dollars a day however if you look at the statements I didn't cherry-pick those statements as opposing counsel suggests in fact what I probably did was not as good because I I tried to pull statements from each month for five years to show you every month he was in Las Vegas he was at the bally he was I don't know spending money assuming all that's true the judge had another point of decision and that was was the issue preclusion or claim preclusion that somehow there was there was preclusion at and could you could you talk about that yes I can I actually went back through the judges comments in the transcript of the third hearing very carefully because I frankly was confused he was the judge who heard both the the allegations were not only set forth in the motion to dismiss they were in my sworn declaration where I set forth in detail when the hearings were held with the issues were and what the judges decisions or so I thought did the judge read the motion I mean I it's all there it's in my declarations but I think where there had to be some confusion as he stated that there I should have raised the issues in the prior motions well had he considered the record in this matter considered our motion he would have seen the first motion to dismiss it was combined with a motion for relief from stay was heard on three issues there were insurance had expired on the property the property was in a deteriorated condition and all the records we had pay off whatever what's that a proceed wasn't that motion denied because of a procedural problem a service problem the the first motion for relief from stay and motion to dismiss was denied for a procedural what about the second counsel the second motion which has the same issues as this third motion I will concede that he made one flat statement and that is wasn't served on all creditors and so it's denied on both of them were denied for service service issues correct and we don't deny that although we would point out that throughout this case the debtor did not timely file oppositions he didn't disclose I mean his procedural errors were extreme and yet he tries to portray the creditor as an over-aggressive when the first trustee holder filed three motions for relief from stay an objection to both the plans and the trustee filed a motion to dismiss now you've got very little time left before we get your five minutes but on there's two issue preclusion arguments kind of going in this case and maybe when you get back up talk about what they're arguing on appeal as opposed to what the judge said below because an appeal they're arguing the preclusive effect of the plan saying that the judge necessarily determined issues of good faith filing at least and good faith presentation of a plan and so you can either deal with that now and get into your five minutes or take your five minutes and you know I think I'll get into that right now because I want to point out that the debtor raised that really for the first time on appeal and I understand why they raised it because Mr. Lawley was one of the attorneys on the In re Valenti case but I did a very close analysis of In re Valenti in my brief and it's specifically the case that the debtor relies on specifically supports our point it says there can't be current claim preclusion where there's fraud and they said this is a very narrow holding and the Schedule I showed rental income in this case Schedule J I mean excuse me Schedule I showed rental income Schedule A showed no real property I don't understand this decision quite frankly why it was the creditors responsibility to investigate it not the trustees I think the trustees should have investigated it just as I think the trustees should have investigated in this case but it specifically acknowledges that where there's fraud there's not claim preclusion in this case there the debtor can say it's like a catch-22 the debtor concealed the fraud so well I have read through every pleading in this case there was nowhere prior to the 2004 investigation we would have ever known that he was hiding income not till we walked inside that house in soft 50,000 plus and improvements granite counters everything that's in my declaration mr. Rose's declaration so there we could not discover the fraud until after was the plan was confirmed so I can't our argument is it can't have a preclusive effect all right thank you we'll reserve the rest of your time okay all right mr. Lally are you on the phone yes I am your honor thank you very much let me ask you a question are you on a cell phone or a landline your honor I am on a cell phone I was not able to get on a landline this morning I apologize well our order was quite clear you weren't allowed to appear unless you're on a landline aren't you in a hotel well no your honor I'm actually in a in a conference center right now well my point is couldn't you be in a hotel are you currently checked into a hotel I am currently checked into a hotel I am actually working at the conference center I'm taking a break again I understand your your point very well and I apologize you're in violation of our order why should we let you continue to argue well you honor again I apologize I understand the court's order I'm I tried to comply with the order I was unable to comply with it this morning and I apologize for that well again explain why you were unable to go back to a hotel room and take the call and then go back to your other activity your honor I am working at the control desk of a world championship sports event and so I'm just glad yes I'm sorry and I frankly I have a lot of responsibility I'm taking a 45-minute break right now and so that the time factor did not allow me to get back to the hotel room I thought I was going to be able to but we had meetings starting at 8 o'clock this morning on the west coast and so I wasn't able to have enough time to get back to my hotel room all right we're going to allow you to argue mr. Lally but I want I want to emphasize to you that this behavior it does not does not reflect well on your attention to the case your attention to your client your attention to our orders or your attention to our institution so you may proceed thank you your honor and again thank you you want to do the way the way that I would summarize this appeal is the appellant is asking what is it an abuse of discretion for the bankruptcy court to enforce the local bankruptcy rules and as we have set forth in the opening brief in the excerpts of the record we would ask the panel to look at this appeal not simply in the vacuum of the third motion to dismiss but in the first motion to dismiss the problems therein the second motion to dismiss and the problems therein but mr. Lally mr. Lally if that you let's assume he had the right to terminating sanction did he make any of the findings that would be necessary to support that conclusion no the court did not okay proceed okay thank you your issue is that this appellant had numerous opportunities to get it done correctly and unfortunately for it it was not able to do so something as simple as in the first motion the motion the proof of service as well as in the second and then when we when we finally get to the third motion to dismiss there are still significant procedural problems that the appellant was unable to overcome and my my opinion is that normally a judge can't even get to the merits of a matter unless the matter is brought to the court in a procedurally correct manner now the judge also struck a declaration supporting your side of the case because it was not filed appropriately correct that is correct your honor and the judge struck the 2004 examination transcript in its entirety correct yes that is correct so her argument it and their argument on appeal is that notwithstanding that which is frankly not something that I'm particularly troubled by the judge was an error in that there was substantial other evidence he said on the record the 2004 examination is is the entirety or most of it but she's but she's saying today and earlier not true wasn't there significant additional evidence other than the 2004 examination transcript well we think there was evidence but it was we believe it was inadmissible because it lacked foundation so for example when when did you make that argument or did you make that objection I believe it was in the admittedly short deck short opposition of my client in the attorney that filed it before judge and so we believe that although there were declarations filed in support of the motion we don't think they lacked appropriate foundational support for the court to consider the information mr. Lally if in fact that's true did the court ever rule on that objection your honor on my clients evidentiary objection yes one quick moment I I don't I don't think he did your honor all right thank you and sort of play that a little bit further the purpose of the local rule is to give the parties who attended this deposition the opportunity to review a record and make comments the way you would at any deposition and to streamline the review by allowing the judge to focus on the particular aspects of the testimony that the proponent feels is appropriately focused on and allow the opponent to highlight things that might be exculpatory or otherwise explanatory I mean none of this goes to the fact that a 2004 exam didn't occur right I mean it occurred so I'm not sure what you mean by foundational in terms of the other documents well well what I mean foundation and and specifically not in terms of various documents but in terms of statements made in a declaration by either mr. Rose or miss Laporte statements by the debtor that lacked foundation because otherwise it would simply be either hearsay or inadmissible for another reason wouldn't it be the statement of to the extent they're saying that a party opponent said this and it's adverse to his interest isn't that outside the hearsay rule your honor you are correct that it that is outside the hearsay rule but I believe judge Rizzolo held that that alone was not sufficient without without the 2004 exam where did he say that um he well he did not he did not specifically say that but what he did say was he said for example that at the outset these evidentiary objections are subject to a substantial weakness and that every single one of these evidentiary objections lacking foundation including where it was clear and so what when I when I read the transcript it seems to me that judge Rizzolo looked at this and said without the 2004 exam the declarations are insufficient to meet the creditors burden of proof where did he say that counsel where is it in the record no it what your honor is it is not specifically said in the record but in our in our brief we we cited the part of the transcript where judge Rizzolo comment commented on that you know in fact he says quote I think I do have the discretion if I wish to to overrule all of them on that basis but instead I will rule on each one individually so the court looked at it from a general perspective and then he looked at the objections individually and my reading of the transcript was he looked at the evidentiary objections of the of the debtor and felt that they were well taken that the declarations of the moving party alone were insufficient to meet the creditors burden of proof on the motion to dismiss now he also had substantial documentary evidence did he not yes he did okay and and and I must assume that he looked at those at those documents like I frankly would expect every judge to look at the documents and and notwithstanding the documents the court simply held that the motion ought to be denied I will acknowledge I believe admittedly my take on the transcript was the motion was denied primarily because of lack of evidence number one and number two the procedural rules in terms of not properly marking the 2004 exam transcript pursuant to the local bankruptcy rules when and so and also issue preclusion why don't you speak to that thank you your honor the issue preclusion I believe addresses two issues number one the the res judicata effect of the order confirming the plan and and I've heard this report say that they they weren't aware of various issues until post-confirmation however as the panel is well aware any creditor including this appellant could have taken the debtors 2004 exam at any time before confirmation of the plan and and in this particular case I think that that's an important issue because the chapter said it was initially a chapter 7 filed November of 2012 converted to chapter 13 February 4th 2013 and the plan was not confirmed until December so from the conversion to the 13 until confirmation this creditor had 10 months to do a 2004 exam if they wanted to do so and for whatever reason they chose not to do so well while the counsel this is a point of confusion for me and maybe you can you can help I didn't see the judge at the time he made the ruling focusing at all on the preclusive effect of the plan he appeared to be from from the only record in front of us focusing on the preclusive effect of the two prior motions did and I was preclusion the preclusive effect of the plan is there anything in the record that suggests that was the basis for his decision your your honor there there isn't anything specific on the court the court said and I quote from the transcript and then also I note that the moving party has failed to adequately address the argument made by the respondent as to why the doctrines of issue preclusion and claim preclusion don't bar relief sought in this motion and and so that statement by the court is what clear or specific as to issue preclusion of the prior motions or of the plan well isn't there some language after that that talks particularly about the motions yes there is and and there's a local bankruptcy rule in the central district that specifically provides that when a motion is denied and a party brings another motion same motion that in that motion they must disclose that they they filed a prior motion and and that it was denied and I believe that was what the court was focusing on in that statement and and in this case of course we had two prior motions that were both denied and the third motion didn't disclose it didn't address it didn't explain why they were why they were denied and I believe that's what judges Ola was pointing out your honor mr. Lolly the first two motions I asked the same question of counsel when appellants counsel the first two motions were denied for procedural and service issues isn't that correct yes your honor that's correct so the neither of the first two were decided on the merits if we want to call it the merits isn't that correct you are correct your honor okay thank you all right you're welcome your honor and and so and so the first two motions were denied it wasn't disclosed and then and then the creditor brings the third motion and I believe the last point that I would like to bring out is that as the panel is well aware from the proceedings as well as our brief the the creditor the debtor followed a motion to strip the creditors lien the court had the parties agree on an independent third-party appraiser the parties filed the stipulation approving that the appraiser came back and said that there isn't sufficient equity to to support any collateral for this lien the party signed a stipulation removing the lien there's an order approving that and it's set forth in numerous pleadings this creditor is basically arguing well we want the case dismissed because we did not want our lien stripped as as the panel is aware from the docket that we've provided the creditor never filed an appeal of the order stripping its junior lien and so that's that's a final order it's a non-appealable order but yet in the pleadings as well as on appeal this creditor is basically trying to argue well we want I want my lien to remain and the way to achieve that is to get the case dismissed and so that's why we've argued this is effectively either a disguised appeal of the order stripping the lien or an improper collateral attack of the order stripping the lien and both of those there didn't your client have to do something that was questionable I mean I get your point that's cool I don't think there's any doubt that's the motivation for the actions they would like to have their lien back but it seems to me a little disingenuous to say and I'm not saying you said it quite this way my client did something improper now they're using it to their own benefit I that well that's that that's not what that's not what I'm saying well I know that's why I said I don't I'm not saying you said that but that's that's how I'm hearing that I I understand I I don't think my client did anything wrong my client amended the schedules correctly as as the panel pointed out in fact a debtor has an obligation to amend the schedules when when required or necessary to do so and that's what my client did and and but that's you know that that's all for proof and the problem is that hasn't happened yet there hasn't been a full hearing on the merits of this and that's that's the main concern I think the appellant has today well I and and I can understand why with all the procedural problems that that they've that they've created unfortunately but but not and not to sound too too harsh but but that's their problem because you know I don't think the court can get to the merits unless the creditor brings the brings the motion correctly before the court and then once that's done correctly then the court I believe has an obligation to look at at each issue on the merits but we've never gone to that because this predator can't seem to no offense they can't seem to get it done correctly and as we all know this is the third bite of the apple and at some point there's got to be finality and six years into the this case with a discharge pending my client is entitled to finality well and again that goes back to the your time is up but I would just say again you've already conceded however that to the sanction the appropriate findings were met that's correct your honor all right thank you very much okay thank you very much runner I appreciate it counsel first I need to correct a few misstatements one I noticed this in the paperwork there's confusion the only objections made in the third motion to that's what that was a question he refers to in that was another error that I think the court made because they said they were fraught with laying foundation if he granted many of those but he struck one of the declarations and it's in time he did strike because it was filed untimely it's the first time he struck an untimely opposition in this case but I wanted to clarify that I also wanted to clarify that I don't know how to get debtor opposing counsel to read our motion to dismiss it specifically states in the motion in my declaration that to have the full description of all three motions to dismiss it explains why the first motion didn't have the same issues as the second two and it did not have all the information to the letter that the local rule requires but you did generally disclose the prior motions and why they were denied so the and there were no objections by the debtor to the evidence presented by a palin in support of the motion to dismiss and there were no rulings on it I specifically asked the court to consider the evidence in all the statements we provided the documentation provided the admissions Mr. Rose's in my declarations he never mentioned it you can tell when you read the transcript it was as if he ignored me I feel that he just ignored it and focused in on the deposition transcripts and to correct one thing the judge could have granted our motion that day based on the other evidence before it and chose not to he one of the basis in the exercise of discretion in ruling on a motion to dismiss requires that the bankruptcy court balance the interest of the honest and fortunate debtor in receiving a fresh start against the fairness to creditors I don't think that this court did that and instead this is not a debtor that falls with the honest but unfortunate debtor it's until the next day through the last hearing neither the court or debtor has acknowledged the severities of the failures to disclose and the debtor's suggestion that we should have done it 2004 we supposed to go on fishing expeditions now as creditors counsel in every case if we can't discern fraud in the schedules or just in case so it's not issue preclusion at a later date that's not certainly not within the spirit of the law and I see my time's up so thank you very much your honor thank you for your arguments this matter will be under submission thank you your honor let me call the next matter
judges: Taylor, Lafferty, and Lastreto